JS-3

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JOSE LUIS PEREZ HERNANDEZ,<br>　aka "Jose Luis Hernandez Perez",<br>　aka "Jose Luis HernandezPerez",<br><br>　　　　Defendant. | Case No. 8:25-cr-00072-JWH-1<br><br>**ORDER GRANTING GOVERNMENT'S MOTION TO DISMISS INFORMATION WITHOUT PREJUDICE [ECF No. 30]** |

Before the Court is the motion of the United States of America to dismiss the Information as to Defendant Jose Luis Perez Hernandez without prejudice pursuant to Rule 48 of the Federal Rules of Criminal Procedure.[1]  The Court concludes that this matter is appropriate for resolution without a hearing.  *See* Fed. R. Crim. P. 43(b)(3).  After considering the papers filed in support and opposition,[2] the Court **GRANTS** the Government's Motion.

## I. BACKGROUND

In March 2025, the Government filed a criminal Complaint charging Perez Hernandez with being illegal alien found in the United States following deportation, in violation of 8 U.S.C. §§ 1326(a) & (b)(1).[3]  The Complaint alleges that Perez Hernandez is a citizen of Mexico and that he was removed from the United States on or about April 15, 2009.[4]  On or about January 23, 2022, Perez Hernandez was discovered in the United States.[5]

In March 2025, an arrest warrant was issued as to Perez Hernandez, and he was arrested the next month.[6]  After Perez Hernandez's initial appearance, he was released from the custody of the United States Marshal Service on bond.[7]  Immediately after his release, Perez Hernandez was taken into immigration

---

[1] Gov't's Mot. to Dismiss Information Without Prejudice (the "Motion") [ECF No. 30].

[2] The Court has considered the documents of record in this action, including the following papers:  (1) Motion; (2) Def.'s Opp'n to the Motion (the "Opposition") [ECF No. 31]; PSA Information Letter [ECF No. 32].

[3] Compl. (the "Complaint") [ECF No. 1]; *also see* Information [ECF No. 20].

[4] Complaint ¶¶ 7 & 8.

[5] *Id.* at ¶ 4.

[6] Report Commencing Criminal Action [ECF No. 4].

[7] Minutes of Initial Appearance on Local Compl. [ECF No. 5].

custody by Immigration and Customs Enforcement ("ICE").[8]

Perez Hernandez was deported on June 18, 2025.[9] The United States Attorney's Office was informed of Perez Hernandez's deportation by email on June 23, 2025.[10] On June 26, 2025, the United States Attorney's Office advised defense counsel that the Government would be moving to dismiss the instant action.[11]

## II.  LEGAL STANDARD

The Federal Rules of Criminal Procedure permit the Government to dismiss an indictment, information, or a complaint, with leave of Court. *See* Fed. R. Crim. P. 48(a). "The primary purpose of the requirement that leave of court be obtained is to grant judges discretion to prevent the government from using its discretionary power to dismiss indictments for purposes of harassment." *United States v. Gonzalez*, 58 F.3d 459, 461 (9th Cir. 1995) (citing *Rinaldi v. United States*, 434 U.S. 22, 29 n.15 (1977)). Generally, a court must grant "considerable deference to the prosecutor," especially when the motion to dismiss is uncontested. *Id.* In the Ninth Circuit, when a prosecutor requests a Rule 48(a) dismissal in good faith, the court is "duty bound to honor the request." *United States v. Hayden*, 860 F.2d 1483, 1488 (9th Cir. 1988).

A district court has narrow discretion to deviate from such deference, and typically it may do so only in three situations: (1) when a prosecutor requests a Rule 48(a) dismissal in bad faith; (2) when the dismissal would be contrary to the public interest; or (3) when a defendant contests a Rule 48(a) motion. *See id.*

---

[8]  Decl. of Kristin N. Spencer in Supp. of the Motion (the "Spencer Declaration") [ECF No. 30] ¶ 2.

[9]  *Id.* at ¶ 3.

[10]  *Id.*

[11]  *Id.* at ¶ 4.

at 1487; *see also United States v. Garcia-Valenzuela*, 232 F.3d 1003 (9th Cir. 2000); *Gonzalez*, 58 F.3d at 462.  When a Rule 48(a) motion is contested by a defendant, the court's degree of deference must shift in order to safeguard the rights of the defendant against any prosecutorial misconduct.  *See Gonzalez*, 58 F.3d at 462.

### III.  ANALYSIS

Both parties agree that this action should be dismissed.[12]  The dispute before the Court is whether the dismissal should be ***with*** or ***without*** prejudice.[13]  The Government argues that dismissal should be ***without*** prejudice because it has not acted in bad faith.[14]  Perez Hernandez asserts that this action should be dismissed ***with*** prejudice "in light of the government's choice to abandon the criminal prosecution in favor of deportation."[15]  Perez Hernandez contends that "the government should not be granted a second chance at prosecuting Mr. Perez Hernandez for the same offense"[16] and that, by removing him from the United States, the Government "has abandoned the criminal prosecution against him and deprived him of his constitutional rights in defending against the criminal prosecution."[17]

Generally, a court may dismiss an indictment—or, in this case, an information—with prejudice either because it finds a serious due process violation or because it concludes that dismissal is warranted under its inherent supervisory powers.  *See United States v. Bundy*, 968 F.3d 1019, 1030 (9th Cir.

---

[12]  Motion 4:2-4; Opposition 5:4-6.
[13]  Motion 1:19-20; Opposition 3:9-10.
[14]  Motion 2:12.
[15]  Opposition 3:20-23.
[16]  *Id.*
[17]  *Id.* at 1:19-22.

2020).  There is no apparent egregious due process violation in the handling of the criminal matter at hand, so this Court instead must examine whether dismissal with prejudice is warranted under its supervisory powers.

A court may use its supervisory powers to dismiss an indictment with prejudice in one of three situations: "(1) to implement a remedy for the violation of a recognized statutory or constitutional right; (2) to preserve judicial integrity by ensuring that a conviction rests on appropriate considerations validly before a jury; and (3) to deter future illegal conduct." *Id.* (quoting *United States v. Struckman*, 611 F.3d 560, 574 (9th Cir. 2010)) (internal citations omitted).  Here, the Court finds that none of those three situations is applicable.  There is no clear violation of a constitutional right, because the Government has halted its forward progress on this criminal proceeding.  *C.f. United States v. Munoz-Garcia*, 455 F. Supp. 3d 915 (D. Ariz. 2020) (dismissing an indictment with prejudice because the Government's continued detention of a defendant in ICE custody after she was ordered released on bail violated the defendant's statutory right to be released from custody under the Bail Reform Act, and the Government's continued attempt to arraign the defendant following ICE deportation to Mexico violated the defendant's sixth amendment rights).  Similarly, the considerations of judicial integrity and deterrence of future illegal conduct do not impel the Court to dismiss with prejudice.

"If the government, by placing [the defendant] in immigration detention or removing him, jeopardizes the district court's ability to try him, then the district court may craft an appropriate remedy." *United States v. Santos-Flores*, 794 F.3d 1088, 1091 (9th Cir. 2015) (internal citations omitted).  Here, when the Government has abandoned its intent to prosecute Perez Hernandez, the appropriate remedy is the mere dismissal of the instant action—no more, no less.  Because the Government is not continuing to prosecute this action, there is

no constitutional violation to Perez Hernandez's sixth amendment right to counsel, and dismissal without prejudice is appropriate.

## IV.  DISPOSITION

For the foregoing reasons, the Court hereby **ORDERS** as follows:

1. The Government's Motion to dismiss [ECF No. 30] is **GRANTED**.

2. The instant Information [ECF No. 20] is **DISMISSED without prejudice**.

**IT IS SO ORDERED.**

Dated: July 21, 2025

John W. Holcomb
UNITED STATES DISTRICT JUDGE